# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| **JOHN LOY,** | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-4138-SEM-EIL |
| | ) |
| **ANDREW DOYLE,** *et al.*, | ) |
|     Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* John Loy is a civil detainee in the custody of the Illinois Department of Human Services ("IDHS") at Rushville Treatment and Detention Center ("Rushville"). Plaintiff has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 and has requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are not prisoners as defined in 28 U.S.C. § 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). In addition, this Court has an independent duty to satisfy itself that federal subject matter jurisdiction exists in any case. *See Smith v. American General Life and Accident Insurance Company, Inc.*, 337 F.3d 888, 892 (7th Cir. 2003). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal cause of action.

In reviewing a complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

In Plaintiff's Complaint, he identifies the following Defendants: Judge Andrew Doyle of the Knox County Circuit Court, Assistant Attorney General Kellie Van Voorhis, Assistant Public Defender Christopher W. Kanthak, and Amy S. Louck Davis, PsyD. Plaintiff has also filed Motions for Leave to File Amended Complaints (Docs.

7, 10), which consist of the same Complaint (Doc. 1) supplemented only with additional exhibits.

Plaintiff alleges that Defendants Doyle and Kanthak have violated his Fourteenth Amendment right to due process in his civil commitment proceedings in the Knox County, Illinois, Circuit Court. He alleges that Defendants Doyle and Kanthak have violated Illinois statute 725 Ill. Comp. Stat. § 207/55(a) and have also provided him with free copies of only certain transcripts he has requested.

Plaintiff alleges a civil conspiracy by Defendants Doyle, Kanthak, Davis, and Voorhis to keep Plaintiff civilly committed.

Plaintiff also alleges that Defendant Davis is practicing psychology without a license and violating several professional and ethical standards.

Plaintiff's suit is barred by the *Rooker-Feldman* doctrine, which is a "limitation on the subject-matter jurisdiction of lower federal courts." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 704 (7th Cir. 2014).

> Lower federal courts are not vested with appellate authority over state courts. The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought

> by state court losers challenging state court judgments rendered before the district court proceedings commenced. The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it.

*Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017), *quoting Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741–42 (7th Cir. 2016) (citations omitted).

In short, this Court has no authority to grant Plaintiff's request that this Court review his state court civil commitment proceedings.

"When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction." *Jakupovic*, 850 F.3d at 904. "A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits." *Id.*

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED without prejudice.**

2) **This matter is terminated, and all pending motions are MOOT.**

ENTERED May 6, 2025.

                s/ *Sue E. Myerscough*
              _____
                SUE E. MYERSCOUGH
             UNITED STATES DISTRICT JUDGE